The Honorable Bud Canada State Senator 118 Second Street, Suite H Hot Springs, Arkansas 71913
Dear Senator Canada:
This is in response to your request for an opinion on five questions regarding the reassessment of property in the Fountain Lake School District. Specifically, you have attached a letter from some constituents which references Article 16, 14 of the Arkansas Constitution, and indicates that in 1990, Garland County was reappraised, and the Fountain Lake School District, a part of which lies in Garland County and a part of which lies in Saline County, gained in valuation over twenty-four percent in 1991 over the previous year. Your constituents also indicate that the current reappraisal of Saline County real property will result in an estimated revenue gain of over thirty-three percent to Fountain Lake School District. Your constituents also indicate that a petition has been circulated and presented to the School Board requesting a voluntary rollback of the millage, but that thus far the School Board has refused to take any action with regard to the request. You ask my opinion on five questions posed by your constituents, which are as follows:
1. What is the applicable statute of limitation pertaining to this required rollback of tax millage following the reappraisal in 1990 when the millage should have been reduced from .032 to .027?
2. What is the retroactivity factor on the tax revenue funds collected in excess of the maximum allowable increase of 10% in 1991 over the base year 1990?
3. What is the correct avenue of approach to bring the school district into compliance?
4. Who can or will enforce compliance with Amendment 59, section 14?
5. Can individual taxpayers deposit the portion of their taxes that will result from this overassessment into an escrow account to be held until legal remedies are exhausted?
The questions posed have reference to Amendment59 to the Arkansas Constitution, the relevant provision of which is codified at Arkansas Constitution, art. 16, 14. This provision requires a "rollback" of millage rates where, after a countywide reappraisal, the aggregate value of taxable real and personal property in any taxing unit increases ten percent or more over the previous year. Another portion of this section provides as follows:
The General Assembly shall, by law, establish the procedures to be followed by a county in making a countywide reappraisal or reassessment of property which will, upon completion, authorize the adjustment or rollback of property tax rates or millage, as authorized hereinabove.
In this regard the General Assembly has enacted A.C.A. 26-26-401 (1987) which provides as follows:
The provisions of this subchapter relative to the adjustment or rollback of millage levied for ad valorem tax purposes shall be applicable only where there is a countywide or statewide reappraisal or property:
(1) Pursuant to a court order; or
(2) Pursuant to directive of law enacted by the General Assembly; or
(3) When the reappraisal is initiated by the assessor, the county equalization board, by directive of the quorum court or upon request of one (1) or more taxing units of a county, and is determined and certified by the Assessment Coordination Division of the Arkansas Public Service Commission as constituting a comprehensive countywide reappraisal; or
(4) When ordered by or implemented by a county pursuant to a directive of the division or its successor agency.
It is my understanding that the reappraisal in Garland County was not court-ordered, or undertaken pursuant to a directive of law, or ordered by a directive of the Assessment Coordination Division. Subsection (3) above appears to be the only arguably applicable subsection, but it is my understanding that the Assessment Coordination Division has not, and has not been asked to, certify the Garland County reassessment as constituting a comprehensive countywide reappraisal. There is some indication that the Garland County reassessment did not include agricultural, timber, or personal property, and therefore may not have been "comprehensive." In any event, the Assessment Coordination Division has not certified this reappraisal, and the provisions of A.C.A. 26-26-401
to -409 (1987), which implement the provisions of Amendment 59, are therefore, in all likelihood, inapplicable.
There is a question, therefore, as an initial matter, as to whether any rollback is required in this instance. I cannot, therefore, offer definitive answers to the questions presented, particularly Questions One and Two. I can, however, with regard to the letter or petition which was presented to the School Board requesting a voluntary rollback of millage, direct your attention to Op. Atty Gen. 94-042, which addresses the necessary procedures in this regard. Additionally, I can point out with regard to Questions Three, Four, and Five, that judicial remedies appear to be the ultimate avenue of relief, and in my opinion tax funds may not be placed in escrow without the direction of a court.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:ECW/cyh
Enclosure